FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2010 DEC 10 AM 10: 48

SIGN_____
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

CAROL DUNN

PLAINTIFF

FEDERAL COURT

CASE NO:

VS.

CHASE HOME FINANCE, LLC

DEFENDANT

## COMPLAINTS FOR DAMAGES
With SUPPLEMENTAL OF JURISDICTION
And stay of all State Court Claims &
Related State Court Claims Pursuant to 28 U.S.C.A. 1367

COMES NOW CAROL DUNN (Plaintiff) as above stated with the following Complaint for Damages. CHASE HOME FINANCES, LLC (Defendants). This Complaint for Damages is set forth on the following grounds with ; Statement of Supplemental of Jurisdiction, Statement of Federal Jurisdiction and Applicable law:

### DIVERSITY JURISDICTION

1.) As set forth below this Court has diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. 1332(a) because the alleged cause of action brought by plantiff against defendant is suit between citizens of different states, and the amount in controversy exceeds $120,000 exclusive of interest and cost.

2.) Complete diversity of citizenship exists between Plantiff and Defendants in accordance with 28 U.S.C. 1441 (b):

a. Plantiff's Complaint list Plaintiff's address as 5923 Timber Creek, Baton Rouge, LA. 70805. See Complaint at p.1 therefore, Plaintiff appears to be a citizen of the State of Louisiana for purposes of determining diversity of citizen pursuant to 28 U.S.C. 1332.

b. Pursuant to 28 U.S.C. 1332(C), CHASE HOME FINANCE, LLC, is a Citizen of the State of Iowa and was the time of the commencement Of this action, a corporation with its principal place of business in the State Georgia.

c. Pursuant to 28 U.S.C. 1332 (c), CHASE HOME FINANCE, LLC, is a Citizen of Colorado.

3.) Plantiff Compliant includes a demand that the Court "dismiss" the debt owed by Plaintiff to Defendants. See Compliant at Upon information and belief, the debt Referred to by Plaintiff- and thus the amount put in the controversy in this case exceeds $ 120,000. See Exhibit C promissory note signed on May 10, 2007 by Plaintiff's in favor of Chase Home Finance, LLC, in the amount of

$ 120,000 Therefore, the case meets the jurisdictional requirements of 28 USC 1332(a).

## FEDERAL QUESTION JURISDICTION

4) The Court also has jurisdiction over this case pursuant to 28 U.S.C. 1332 because Plaintiff's Compliant plainly implicates questions of federal law.

5) Plaintiff's Complaints Specially invokes the Truth and Lending Act ("TILA"), 15 U.S.C. 1601, et seq. See Complaint title paragraph (referencing " Truth in Lending Laws", and 14 (referring to truth in lender laws").

6) On the first page of Plaintiff's pleading entitled NOTICE of LIS PENDENS, to which the compliant to which the complaint is appended, Plaintiff alleges a "deprivation of rights under truth in lending laws along with regulation 'Z' Violations." This allegation apparently refers to TILA and TILA's primary Authorized regulation, which is entitled "Regulation Z" See generally, 12

C.F.R. 226.1, et seq.

7) Plaintiff's Complaint also claims that Defendants violated the United States Constitution. See Constitution. See Constitution. At 9 alleging that Defendants Created "money out of thin air against Article 1 Section 10 of the United States Constitution at large").

## SUPPLEMENTAL JURISDICTION

8) Thus a federal question of law appears on the face of the plaintiff's compliant, and Jurisdiction is proper.Smith V. GTE Corp., 236 F. 3d 1292 1310 (11th Cir.2001).

This Court has supplemental and pendent jurisdiction over all state law claims asserted in Plaintiff's Complaint pursuant to 28 U.S.C. 1367 and 1441

BILL AT LAW : (COMPLAINT)
Against Truth in Lending Violations with
Jury Demanded Pursuant to FRCVP Rule
39 and Rule 17(b) governing capacity

By Judicial Notice and all oaths of Office

NOW COMES THE PLAINTIFF under grace whereby domiciled the compliant of the defendant and state the following being civilly dead and no longer infliction:

1.) All defendants are entities, associations and or sub-corporations of the several unified under THE UNITED STATES, NC.,and doing business in commerce within the state of Georgia, which gives the court personal jurisdiction over the defendants And parties.

2.) The contract, i.e.promise to pay "promissory note" issued by the Plaintiff did accompany a deed of trust among the parties, which gives the court jurisdiction over the subject matter.

3.) The Plaintiff herein complains that all Defendant holding the notes failed to disclose all. Namely the demand deposit madeas a direct result of the Plaintiff execution of the wet ink.

4.) It is well settled that there was at no time constitutional dollars issued in party With any of the transactions connected to the alleged loans.

5.) Based upon information and belief, the Defendant altered the contract (note) voiding the enforcement of any remedy it may have had prior to such alteration whereby Plaintiff demands to inspect the original note as well as the check issue to the closing attorney.

## THE FIRST CAUSE OF ACTION

### ( UNLAWFUL ALTERATION OF THE CONTRACT )

6.) Plaintiff incorporated paragraph 1 through 5 into this cause of action as if repeating it all over verbatim hereto by reference, believing Defendant had the direct duty to preserve the not in its original condition.

7.) Defendant failed to issue (LOAN) constitutional dollars in the transaction, issuing credit which was unconstitutional at best.

8.) The Defendant failed to disclose a material fact concerning the demanded deposit of the not pledge which caused the Plaintiff to be the true lender in the transaction.

## PLAIN STATEMENT OF FACTS

9.) The Defendants is believed to have used a common practice which was used by the Goldsmiths who keep the coins on deposit in their warehouse, thus creating money out of thin air against Article 1 Section 10 of the United States Constitution at large.

10.) According ,a uniform Standard was also set governing disclosure issues involving loan transaction. Federal Law required such promulgation to be enacted under Truth in Lending Laws. The Defendants failed to such information under disclosure and is secret continues to collect on contract which must be altered from its original condition.

11.) Moreover, Defendants have received credits without disclosure and notice from the note, from note and Defendants refuse to share those credits with plaintiff under any circumstance whatsoever.

## RELIEF SOUGHT

12.) Plaintiff seek remedy as a right and a matter of law in equity, to compel tie original documentation be brought before the courts as evidence of the holder in due course of the security instrument needed to have proper standing before the court.

13.) Plaintiff seek redress against that which has been charged interest upon the money/ credit issued by the plaintiff without understanding it was the Plaintiff own credit; through the wet ink that funded the allege loan the color of banking.

14.) INASMUCH AS, Plaintiff believes if said note (contract) has been altered without full disclosure the contract(note) is not longer enforceable under the deed of trust when truth in lender laws applies here. And any other relief the court deems just and proper.

15.) The plaintiff is a person as defined in 12 U.S.C.3752( 7 ).

16.) The plaintiff is a mortgager as with respect to single family mortgages encumbering real estate as applicable pursuant to 12 U.S.C. 3753.

17.) The Defendant ( Chase Home Finance, LLC) was not a bona fide purchaser as defined in 12 U.S.C. 3752 (1 ).

18.) The Defendant (Chase Home Finance, LLC), did receive notice of adverse claim as a legal impediment to foreclosure therefore the defendant cannot be a bona fide purchaser in good faith as defined in12 U.S.C. 3752( 1 )

19.) The Defendant did violate 12 U.S.C. 3758 and did not give proper notice pursuant to federal law.

20.) The Defendant (Chase Home Finance, LLC) did unlawfully violate 11 U.S.C. A 362( c ) foreclosure proceedings.

21.) The Defendant ( Chase Home Finance, LLC) did unlawfully violate FAIR DEBT COLLECTIONS ACT with foreclosure proceedings.

22.) The Defendant (Chase Home Finance, LLC )  unlawfully did violate article 3 section 306 of the Uniform Commercial Code foreclosure proceedings.

> 23.) The Defendant ( CHASE HOME FINANCE, LLC )did unlawfully violate R.S.33: 1428 (A)  FORECLOSURE PROCEEDINGS CONDUCTED BELOW TRUE MARKET VALUE OF THE PROPERTY OWNED BY THE PLAINTIFF.

> 24.) THE DEFENDANT ( CHASE HOME FINANCE, LLC ) DID UNLAWFULLY VIOLATE R.S. 33: 1428 (A) FORECLOSURE PROCEEDINGS CONDUCTED BELOW TRUE MARKET VALUE OF THE PROPERTY OWNED BY THE PLAINTIFF.

> 25.) THE DEFENDANT (CHASE HOME FINANCE, LLC ) DID VIOLATE CIVIL CODE ARTICLE 3494
> WITH UNLAWFUL FORECLOSURE AND EVICTION PROCEEDINGS

> 26.) THE DEFENDANT (CHASE HOME FINANCE, LLC  ) DID VIOLATE  R.S. 33: 1428 WITH UNLAWFUL FORECLOSURE AND EVICTION PROCEEDINGS. WHEREFORE THE PLAINTIFF DEMANDS THE FOLLOWING RELIEF.
>
> 1.) THE HONORABLE COURT AWARD COMPENSATORY DAMAGES TO THE PLAINTIFF IN THE AMOUNT OF 120.000 BY ENTERING A JUDGEMENT AGAINST THE DEFENDANT CITIMORTGAGE,INC..
>
> 2.) GRANT ALL RELIEF THIS COURT DEEMS JUST AND PROPER.

VERIFICATION
(Affadavit)

The undersigned Affiant Carol Dunn by appellation does here with swear, declare and affirm that the Affiant executes this Affidavit with sincere intent and competently states the matters set forth. I the undersigned being under oath and declare under penalty of perjury, that I DO NOT have attorney to represent me in this case. Also that the contents are true, correct and not misleading to the best of his knowledge.

*Carol Dunn*
Carol Dunn
(Pro-Se)

Carol Dunn
5923 Timber Creek
Baton Rouge, LA. 70805

GRAHAM, ARCENEAUX, ALLEN, LLC

501 POYDRAS STREET, SUIT 2210

NEW ORLEANS, LA. 70130


RE: CAROL DUNN

5923 TIMBER CREEK

BATON ROUGE, LOUISIANA 70805

FILE# 09-1663     LOAN NO: 1767643986


DISPUTE DEBT AND REQUEST FOR DEBT VALIDATION


DEAR SIRS:


I RECEIVED YOUR LETTER DATED NOVEMBER 16th 2010. I AM DISPUTING THIS DEBT AND REQUESTING VERIFICATION OF THE DEBT PURSUANT TO THE FAIR DEBT COLLECTION PRACTICE

ACT, 15 USC 1692 PURSUANT TO SECTION 809 (3). ALL COLLECTION ACTIVITY SHOULD HAVE CEASED UNTILL YOU PROVIDE THE REQUESTED VERIFICATION.


PLEASE PROVIDE ME WITH THE FOLLOWING:

1. COPY OF THE ORIGINAL SIGNED CONTRACT
2. COMPLETE PAYMENT HISTORY, FEES, INTEREST AND HOW THEY WERE CALCULATED.
3. PROOF OF ASSIGNMENT.
4. PROOF OF COLLECTION CONTRACT.


SINCERELY,

CAROL DUNN