UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAROL DUNN | : | CIVIL ACTION NO. 10-0828 |
| VS. | : | JUDGE DONALD E. WALTER |
| CHASE HOME FINANCE, LLC | : | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Before the court is a motion for a more definite statement [doc. # 9] filed by defendant, JPMorgan Chase Bank, NA, (incorrectly named in the complaint as "Chase Home Finance, LLC") (hereinafter "Chase"). Plaintiff did not oppose the motion. For reasons set forth below, the motion is GRANTED.[1]

**I. Rule 12(e) Standard**

The Rule 12(e) motion for a more definite statement is disfavored.[2] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959). This motion is granted only when the pleading addressed is so vague that the moving party cannot reasonably be expected to frame a responsive answer. *Guste v. Shell Oil Company*, 161 F.R.D. 329, 330 (E.D. La. 1995) (citing 5A Charles Wright and Arthur Miller, Federal Practice and Procedure § 1377 (1990). "[A]ll the Rules

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Federal Rule of Civil Procedure 12(e) provides in relevant part that
"[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . ."

require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957).[3] "A motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxam, Inc.*, C. A. No. 90-1468, 1991 Westlaw 13918 (E.D. La. Jan. 28, 1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993) (citing, *Mitchell, supra*); *see also*, *Wilmington Trust Company v. Stone Lumber Company*, C. A. No. 96-1499 1996 Westlaw 700752 (E.D. La. Dec. 4, 1996) (motion for more definite statement denied where plaintiff may later receive more specific facts through discovery). At the same time, however, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992 (2002).

**II. Discussion**

Plaintiff Carol Dunn filed the instant pro se complaint against Chase on December 10, 2010. The court is able to glean from the complaint that Chase held the mortgage note on plaintiff's home, but has since foreclosed on it. The complaint alleges that in so doing, Chase violated various federal and state laws, including the federal Truth in Lending Act and the Fair Debt Collections Act. Accordingly, plaintiff seeks a monetary judgment against Chase in the amount of the loan.

At other times, however, the complaint strays into nonsensical rambling. For instance,

---

[3] Under Rule 8(a), the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief;" Fed.R.Civ.P. 8(a)(1).

2

plaintiff alleges that Chase failed to issue constitutional dollars and employed a common practice by the Goldsmiths to create money out of thin air. (Compl. ¶¶ 7, 9). Moreover, what is missing from the complaint are *factual* allegations (as opposed to conclusory assertions) to support plaintiff's claims of wrongdoing by Chase. In other words, the "who, what, when, where, and how" of Chase's alleged wrongdoing.

In a January 28, 2011, letter to the court, plaintiff explained that although she was unemployed from March 2009 - March 2010, she has since used money from her 401(k) to catch up on her mortgage payments. (Jan. 28, 2011, To Whom it May Concern Letter, Status Report, Exh. [doc. # 3]). She further stated that she was in the process of modifying her loan with Chase, when defendant foreclosed on her home. *Id*. These are the types of allegations that plaintiff should include in her complaint. She also should show how *specific* actions (or inaction) by Chase violated *specific* laws and/or contracts between plaintiff and Chase.

Presently, however, the instant complaint remains ambiguous, vague, and unclear. Under these circumstances, and in light of the relative ease of the curative burden, the court finds that plaintiff should be compelled to amend her complaint to set forth specific facts to support her claims.

For the foregoing reasons,

The motion for a more definite statement [doc. # 9] filed by defendant, JPMorgan Chase Bank, NA, is hereby GRANTED. Within the next 14 days from the date of this order, plaintiff is granted leave of court to amend her complaint to set forth a "short and plain statement of [her] claim[s] showing that [she] is entitled to relief." Fed.R.Civ.P. 8(a)(2). Plaintiff is cautioned that if she fails to so comply, then "the court may strike the pleading or issue any other appropriate

3

Case 3:10-cv-00828-DEW -KLH   Document 15   09/19/11   Page 3 of 4

order." Fed.R.Civ.P. 12(e); *see also* Fed.R.Civ.P. 41(b).

      IT IS SO ORDERED.

      THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 19th day of September 2011.

                                  KAREN L. HAYES
                                  U. S. MAGISTRATE JUDGE

4

Case 3:10-cv-00828-DEW -KLH   Document 15   09/19/11   Page 4 of 4