UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAROL DUNN | : | CIVIL ACTION NO. 10-0828 |
| VS. | : | JUDGE DONALD E. WALTER |
| CHASE HOME FINANCE, LLC | : | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

On September 19, 2011, this court granted defendant's motion for a more definite statement. (Sept. 19, 2011, Mem. Order [doc. # 15]). In the same order, the court allotted pro se plaintiff Carol Dunn 14 days to amend her complaint to set forth a "short and plain statement of [her] claim[s] showing that [she] is entitled to relief." *Id*. The court cautioned plaintiff that if she failed to so comply, then "the court may strike the pleading or issue any other appropriate order," in accordance with Federal Rule of Civil Procedure 12(e) and/or pursuant to Rule 41(b). *Id*. More than 27 days have lapsed since, without any response from plaintiff.

Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed.R.Civ.P. 12(e). The Federal Rules further provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue her cause of action. Finally, plaintiff's unrepentant flaunting of court orders[1] reflects her own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to her as a litigant unrepresented by counsel.[3]

---

[1] This report and recommendation itself provides plaintiff with further notice of her non-compliance.

[2] *See Millan, supra*.

[3] While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v.*

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **STRICKEN**, and the matter **DISMISSED**. Fed.R.Civ.P. 12(e) and 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 17th day of October 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

*Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).